

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHANIE GRIFFITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:05-CV-76-TH |
| | § | JURY |
| THE KROGER CO., et. al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

In an order dated March 7, 2008 this Court granted *Defendants Blue Cross Blue Shield of Texas and Health Care Service Corporation's Motion for Summary Judgment and Brief in Support Thereof* [Clerk's Docket No. 94]. This Memorandum Opinion and Order explains the Court's reasons for doing so.

Further, although this opinion is primarily concerned with Defendant Blue Cross Blue Shield of Texas's summary judgment motion, the legal issues discussed in that motion–specifically, issues related to the Employee Retirement Income Security Act of 1974 ("ERISA")–raise questions about ERISA's implications for this lawsuit that go beyond the immediate summary judgment analysis. Those questions are discussed (and additional briefing is ordered) in Section V of this opinion.

### I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Stephanie Griffith ("Griffith" or "Plaintiff") began working for the Kroger Co. ("Kroger")[1] as a cake decorator in 1999. Griffith claims that in late 2002, she began to suffer from

---

[1] Plaintiff has named the Kroger Co., Kroger Texas, L.P., Kroger Texas Limited Partnership, the Kroger Group Cooperative, Inc., and the Kroger Texas Occupational Injury or Disease Benefits Plan in her suit. (Pl.'s Second Am. Compl.) The distinctions between these entities are not relevant to the matters addressed by this

carpal tunnel syndrome ("CPS") as a result of her cake decorating duties.  Griffith sought medical care for this alleged CPS, and reported it to Kroger in mid-2003.   However, she was denied healthcare benefits for the injury.  She was subsequently terminated by Kroger in June 2004.

Griffith filed this lawsuit in March 2005, claiming that Kroger's negligence proximately caused her CPS.  Two years later, she amended her complaint to include "breach of contract" claims against Blue Cross Blue Shield of Texas ("BCBS")[2] and the Kroger Texas Occupational Injury or Disease Benefits Plan (the "Kroger Plan") for failing to provide her with health benefits in connection with her CPS.  This opinion is primarily concerned with the breach of contract claim against BCBS.

The Plan vs. The Trust

Griffith's breach of contract claim arises from the fact that she was denied healthcare benefits for her CPS.  As a Kroger employee, Griffith was covered by two healthcare benefit plans: (1) the Kroger Plan; and (2) the South Central United Health Food & Commercial Workers Union and Employers Health & Welfare Trust, a plan established by Griffith's union and Kroger (the "UFCW Trust").  Generally speaking, the Kroger Plan provides coverage for work-related injuries, while the UFCW Trust covers medical conditions that are not work-related.

Ms. Griffith first sought healthcare benefits for her CPS under the Kroger Plan in May 2003. The Kroger Plan denied her such benefits, by letter dated October 13, 2003, stating that Kroger's doctor had concluded that Griffith's injury did not constitute an "occupational injury or disease;" and was therefore not covered by the Kroger Plan.[3]   At the same time, Griffith also filed a claim for benefits with the UFCW Trust.  But, the UFCW Trust denied her claim on the basis that Griffith's CPS *was* a

---

opinion.  Therefore, these Kroger entities will simply be referred to as "Kroger."

[2]Plaintiff's Second Amended Complaint names Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, A Mutual Legal Reserve Company; and Health Care Service Corporation, Individually and d/b/a Blue Cross Blue Shield of Texas.  Here again, the difference between these entities is not relevant to this opinion.  They will be collectively referred to herein as "BCBS."

[3]The claim denial letter also cited failure to report the condition, and use of an unapproved health care provider as other reasons for denying benefits.

job-related injury.[4]  So, Griffith had two health care plans denying her coverage on contradictory grounds.  As a result, she received no benefits from either plan for her CPS.

BCBS's Role

So, how is BCBS involved?  In order to understand Griffith's claim against BCBS, it is necessary to examine the structure and administration of the UFCW Trust.

The "Descriptive Booklet" portion of the UFCW Trusts's "Summary Plan Description," states that the UFCW Trust is operated by a Board of Trustees consisting of Trustees from both Kroger and the UFCW Union.[5]  (Def. BCBS's Mot. for Summ. J., Ex. 3)  The administrative operations of the UFCW Trust are handled by its employees.  *Id.*  And, under a contract with the UFCW Trust, BCBS provides administrative services in connection with the health benefits given to eligible participants, like Griffith.  (Def. BCBS's Mot. for Summ. J., Ex. 1)  In other words,  BCBS is a third-party healthcare administrator of the UFCW Trust.  As such, it was BCBS who processed, and denied, Griffith's claim for benefits under the UFCW Trust.  Griffith's suit challenges that denial.

Breach of Contract or ERISA Claim for Benefits?

Griffith has pled her cause of action against BCBS as a state-law breach of contract claim.[6]  However, BCBS argues that the suit is really nothing more than a claim for benefits under the UFCW

---

[4]The UFCW Trust's conclusion that Griffith's injury was work-related is not really surprising, since she represented on her July 23, 2003 claim form that she was seeking benefits "for a job related injury;" and that her condition was "due to [her] employment."

[5]As explained below, the UFCW Trust is an "employee welfare benefit plan" regulated by ERISA.  29 U.S.C. § 1002(1).  The Summary Plan Description states that the UFCW Trust's Board of Trustees is the "administrator" and "plan sponsor" of the UFCW Trust, as those terms are defined under ERISA in 29 U.S.C. § 1002(16)(A)(I) and (B)(iii), respectively.

[6]Regarding this breach of contract claim against BCBS, it is undisputed that Griffith never personally entered into a contract with BCBS.  Instead, Griffith asserts that her claim derives from her status as a third-party beneficiary of the contract between the BCBS and the UFCW Trust.  Because this Court finds that this putative breach of contract claim is preempted by ERISA, this opinion does not address whether Griffith can properly be considered a third-party beneficiary to the contract between BCBS and the UFCW Trust.

3

Trust–a health plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). As such, BCBS asserts that Griffith's breach of contract claim is preempted by ERISA. Further, BCBS states that the only proper defendant in a claim for wrongful denial of ERISA benefits is the ERISA Plan itself–in this case, the UFCW Trust. Therefore, BCBS moves for summary judgment based on ERISA preemption, and on the grounds that it is an improper defendant to suit under ERISA.


## II. LEGAL STANDARD

Summary judgment is proper when, after viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56(c). If the moving party establishes the absence of any genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Conclusory allegations, unsubstantiated assertions, and mere scintillas of evidence do not satisfy this burden. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(per curium). Summary judgment is proper where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. *Washington v. Armstrong World Industries*, 839 F.2d 1121, 1122 (5th Cir. 1988).

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. But the court is not obligated to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.,* 504 U.S. 451, 112 S.Ct. 2072, 2083 (1992).

4

### III. DISCUSSION

Griffith's amended complaint alleges a breach of contract claim against BCBS under Texas law. It states that BCBS was "contractually obligated to provide benefits to Plaintiff which [BCBS] failed or refused to provide." (Pl.'s Second Am. Compl. at 7)  As such, BCBS argues that the only action Griffith complains of is the denial of coverage under the UFCW Trust.   Therefore, because the UFCW Trust is a benefit plan governed by ERISA, and because Griffith's claim for benefits falls within ERISA's scope, BCBS asserts that the claim is preempted.  This Court agrees for the reasons that follow.

A.  The Statutory Framework of ERISA

(1) Regulated Benefit Plans

ERISA comprehensively regulates, among other things, employee welfare benefit plans.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).  It defines an "employee welfare benefit plan" to include:

> "...any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment..." 29 U.S.C. § 1002(1).

(2) Section 502(a): the Enforcement Clause

One of ERISA's explicit purposes is to "protect...the interests of participants in employee benefit plans and their beneficiaries...by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b).  To this end, ERISA Section 502(a)(1)(B) provides a civil enforcement provision for plan participants.  It states that a participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the

plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Aetna Health, Inc. v. Davila*, 524 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). However, this civil enforcement remedy is intended to be "the exclusive vehicle for actions by ERISA-plan participants." *Pilot Life*, 481 U.S. at 52.

### (3) The Preemption Clause - Section 514(a)

Because ERISA is intended "to provide a uniform regulatory regime over employee benefit plans;" *Davila*, 524 U.S. at 208; Congress also included expansive provisions preempting other types of claims "to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Id.* (quoting *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)) Under Section 514(a), any state law that "relate[s] to...any employee benefit plan" is preempted by ERISA. 29 U.S.C. § 1144(a); *Pilot Life*, 481 U.S. at 44-45. For these purposes, "the term 'state law' includes all laws, decisions, rules, regulations, or other state action having the effect of law, of any state." 29 U.S.C. § 1144(c)(1)(2); *see also Pilot Life*, 481 U.S. at 48, n.1. So, as the Supreme Court stated in *Davila*, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive, and is therefore preempted." *Davila,* 524 U.S. at 209.

### (4) The Saving Clause - Section 514 (b)(2)(A)

There is, however, an exception to this preemption clause, known as the "saving clause," which exempts laws that "regulat[e] insurance, banking, or securities" from ERISA preemption. 29 U.S.C.§ 1144(b)(2)(A); *Davila,* 524 U.S. at 209. But, otherwise, the sweep of ERISA's preemption clause is "deliberately expansive." *Pilot Life*, 481 U.S. at 46.

## B.  ERISA's Impact on Griffith's Claim

Griffith has not brought a cause of action against BCBS under ERISA's enforcement provision to recover benefits, or to enforce her rights under the UFCW Trust. Instead, her complaint asserts only a state-law claim for breach of contract, arguing that BCBS was "contractually obligated to provide benefits to [Griffith] which [it] failed or refused to provide." (Pl.'s Second Am. Compl. at 7). However, regardless of the label it bears, Griffith's claim is essentially a claim that she was wrongfully denied coverage under a benefit plan. The Supreme Court has repeatedly found that state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted by the Act. *See Davila*, 542 U.S. at 214; *see also Pilot Life,* 481 U.S. 41 (holding that state law claims asserting improper processing of a claim for benefits are preempted by the Act); *see also Metropolitan Life Ins. Co. V. Taylor*, 481 U.S. 58, 60, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Likewise, this Court finds that this breach of contract claim is preempted by ERISA because it "relate[s]...to an employee benefit plan"–the UFCW Trust–and does not fall within any preemption exception.[7]

### (1) The UFCW Trust is an "employee benefit plan" under ERISA

The UFCW Trust, as outlined in the Summary Plan Description, meets the ERISA definition of an "employee welfare plan". (BCBS Mot. for Summ. J., Ex. 3 30-40). First, it was established and maintained by Griffith's "employer," (Kroger) and her "employee organization" (the UCFW Union). An employer is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. 1002(5). And, the definition of an "employee organization" includes a labor union. 29 U.S.C. 1002(4). Second, the UFCW Trust's purpose was to provide participants like Griffith with "medical, surgical, or hospital care or benefits,

---

[7]The Court reaches this conclusion based on "conflict-preemption" principles, rather than "complete preemption" under Section 502(a), which is more often discussed in when determining whether a court may exercise jurisdiction over a state claim upon removal. For an explanation of the difference between "conflict-preemption" and "complete preemption" see *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262 (5th Cir. 2004); *Bridgett Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332 (5th Cir. 1999); and *Memorial Hermann Hosp. System v. Davila Inc.*, 2007 WL 1701901.

All the same, this Court is of the opinion that Section 502(a) completely preempts Griffith's breach of contract claim. *See Davila*, 542 U.S. at 210 (finding that when an individual files suit complaining of a denial of coverage, and is only entitled to such coverage because of an ERISA-regulated plan, and no legal duty independent of ERISA or the plan terms is violated, her claim is completely preempted).

or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. 1002(1); *see* (Def. BCBS's Mot. for Summ. J., Ex. 3 at 30-40). Therefore, the UFCW Trust is an employee benefit plan governed by ERISA.

(2) Griffith's breach of contract claim "relates" to the UFCW Trust

Under ERISA's preemption clause, any state law that "relate[s] to...any employee benefit plan" is preempted. 29 U.S.C. § 1144(a); *Pilot Life*, 481 U.S. at 44-45. Courts have stated that the ERISA preemption provision is "deliberately expansive," has a "broad scope," an "expansive sweep," and is "conspicuous for its breadth." *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324, 117 S. Ct. 832, 136 L.Ed.2d 791 (1997); *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 129, 113 S. Ct. 580, 121 L.Ed.2d 513(1992); *Morales v. Trans World Airlines*, 504 U.S. 374, 383-84, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992); *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S. Ct. 403, 112 L.Ed.2d 356 (1990); *Pilot Life Ins. Co.*, 481 U.S. at 45-46; *Dowden v. Blue Cross & Blue Shield*, 126 F.3d 641, 643 (5th Cir. 1997); *Nickel v. Estate of Estes*, 122 F.3d 294, 297 (5th Cir. 1997). In line with this view, the phrase "relates to" is construed in its broadest sense. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)  The Supreme Court instructs that a state law "relates to" an employee benefit plan if it: (1) has a connection with; or (2) reference to such a plan. *California Div. of Labor Standards*, 519 U.S. at 324 (quoting *Greater Wash. Bd. of Trade*, 506 U.S. at 129 (quoting *Shaw v. Delta*, 463 U.S. at 96-97)); *see also Louisiana Health Serv. & Indemnity Co. v. Rapides Healthcare Sys.,* 461 F.3d 529, 536 (5th Cir. 2006).

Given this interpretation, Griffith's breach of contract claim certainly 'relates to' an employee benefit plan, since it is based solely on an alleged improper denial of a claim for benefits under the UFCW Trust. *See Davila*, 524 U.S. at 211 (finding that plaintiffs' claims 'related to' a benefit plan where the only connection between the plaintiffs' and the third-party administrator, CIGNA, was CIGNA's alleged mishandling of an ERISA-regulated benefit plan). In determining whether a claim 'relates to' a plan, the Fifth Circuit has stated that, "[t]he ultimate question is whether 'if the [plaintiff's] claims were stripped of their link to the pension plans, they would cease to exist.'" *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996) (quoting *Hook v. Morrison Milling Co.,* 38 F.3d 776, 784 (5th Cir. 1994)). Without the

link to the UFCW Trust, Griffith would have no breach of contract claim against BCBS.  She had no independent contractual relationship with BCBS; and relies solely on BCBS's agreement with the UFCW Trust.  As such, her claim clearly has "a connection with or reference to" an ERISA-regulated employee benefit plan.  *California Div. of Labor Standards*, 519 U.S. at 324.  Therefore, it is preempted under ERISA § 514(a).

Further, Griffith's breach of contract claim is not saved by any exception to preemption.

(3) <u>Griffith's breach of contract claim does not "regulate insurance"</u>

ERISA's so-called "saving clause," *Pilot Life*, 481 U.S. at 45, excepts state laws that "regulat[e] insurance" from preemption. 29 U.S.C. § 1144(b).  But, Griffith's breach of contract claim is based upon a law of general application, not a law regulating insurance.  *See Kentucky Assn. of Health Plans, Inc. v. Miller*, 538 U.S. 329, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003); *see also Davila*, 481 U.S. at 62; *see also Pilot Life*, 481 U.S. at 48-51.  Therefore, it does not fall under the saving clause.

The Supreme Court in *Kentucky Association of Health Plans, Inc. v. Miller* set forth two requirements for a finding that a state law is a "law...which regulates insurance" under ERISA Section 514(b)(2)(A). *Miller*, 538 U.S. at 341-342.  First, the state law "must be specifically directed toward entities engaged in insurance."  *Id.* citing *Pilot Life*, 481 U.S. at 50.  Second, the law "must substantially affect the risk pooling arrangement between the insurer and the insured."  *Id.*  Griffith's claim fails the first prong of this test–the Court need not examine the second.

Griffith's breach of contract claim is grounded in the principles of Texas contract law–a cause of action based on law of general application.  It is well established that "laws of general application that have some bearing on insurers do not qualify" as laws "specifically directed toward" the insurance industry.  *Miller*, 538 U.S. at 333; *see Cypress Fairbanks Med. Ctr., Inc. v. Pan-American Life Ins. Co.,* 110 F.3d 280, 284 (5th Cir. 1997), *cert. denied*, 522 U.S. 862, 118 S.Ct. 167, 139 L.Ed.2d 110 (1997).  Therefore, Griffith's claim is not 'saved' from preemption by Section 514(b).

9

(4)  Griffith's Breach of Contract Claim is Preempted by ERISA

The Court finds that Griffith's breach of contract claim meets the criteria for ERISA preemption, since it relates to the UFCW Trust–an ERISA-regulated benefit plan.  Further, her claim does not fall within any exemption to preemption.  Therefore, it is preempted by ERISA.  *Pilot Life,* 481 U.S. 41 (holding that state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted by the Act); *see also Metropolitan Life*, 481 U.S. at 60.

C.  The Availability of an ERISA claim against BCBS

Although ERISA preempts Griffith's breach of contract claim, that does not necessarily mean that a denial of benefits is beyond challenge.  As stated above, Section 502(a) of ERISA, the enforcement provision, enables an individual to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

However, even assuming that Griffith had properly pled her claim as a Section 502(a) claim for benefits, rather than a state law breach of contract claim, BCBS would not be a proper defendant to such a suit.  BCBS is a third-party administrator of the UFCW Trust.  And, the only proper defendant to a claim for benefits is the ERISA plan itself.  S*ee Murphy v. Wal-Mart Associates' Group Health Plan*, 928 F.Supp. 700, 711 (E.D. Tex. 1996) (Heartfield, J.) (holding that ERISA "contains no provision which would entitle the plaintiff to recover from any entity other than the plan for the alleged non-payment of benefits.") (citing *Kunz v. Colorado Associat* Courts in this district have consistently held that a third party administrator of a benefits plan is not a proper defendant to a claim for benefits under ERISA. *See Blum v. Spectrum Restaurant Group, Inc.*, 261 F.Supp.2d 697, 708-709 (E.D. Tex. 2003) (Davis, J.); *see also Murphy v. Wal-Mart Associates' Group Health Plan*, 928 F.Supp. at 711; *see also Cox v. Arkansas Best Corp.*, 2006 WL 1517584, at *1 (E.D. Tex. 2006) (Brown, J.); *see also Nicolas v. MCI Health and Welfare Plan No. 501*, 2006 WL 83425, at *1 (E.D. Tex. 2006) (Ward, J.); *see also Metropolitan Life Ins. Co. v. Palmer*, 238

F.Supp.2d 826, 830 (E.D. Tex. 2002) (Schell, J.).  Therefore, for this reason also, Griffith's claim against BCBS fails as a matter of law.


## IV. Conclusion


For the foregoing reasons, Griffith's breach of contract claim is preempted under ERISA. Further, BCBS is not a proper defendant to a claim for benefits under ERISA's enforcement provision. Therefore, summary judgment in favor of BCBS is appropriate.


## V. Epilogue: ERISA's Other Implications for Griffith's Lawsuit


### A. Griffith's Claim Against the Kroger Plan


As explained in Section I of this opinion, Griffith was eligible to participate in two benefit plans as a Kroger employee: the UFCW Trust and the Kroger Plan.  And, Griffith's second amended complaint alleges breach of contract claims against both BCBS and the Kroger Plan.  Although Kroger has not challenged this breach of contract claim on grounds of ERISA preemption, based on the reasoning in Sections III(A) and (B) *supra*, the Court is of the opinion that Griffith's breach of contract claim against the Kroger Plan is likewise preempted by ERISA.


Therefore, the Court will allow the Plaintiff until <u>May 5, 2008</u> to respond as to whether her breach of contract claim against the Kroger Plan is preempted under ERISA.  Plaintiff is hereby **NOTIFIED** that if she does not do so, the Court will dismiss the breach of contract claim against the Kroger Plan *sua sponte* based on such preemption.


11

B.  Griffith's proposed Third Amended Complaint


Griffith recently filed her *Plaintiff's Motion for Leave to Amended (sic) Pleadings Against the Kroger Defendants and Blue Cross Blue Shield, Subject to the Court's Order Vacating Its Summary Judgment Order Dismissing Blue Cross Blue Shield as a Defendant*[8] [Clerk's Docket No. 119], which seeks to add four new claims under Texas law: (1) breach of fiduciary duty; (2) negligent misrepresentation; (3) fraud; and (4) breach of the duty of good faith and fair dealing.[9]  Although pled as discrete state law claims, all four of the newly proposed causes of action are essentially just different ways of saying that Griffith was wrongfully denied coverage under an ERISA-regulated plan.  Plaintiff admits as much through the organization of the proposed amended complaint, which introduces the four new claims by giving a "Factual Scenario With Regard to Denial of Claims for Medical Treatment." (Pl.'s Mot. for Leave to Amend Pleadings, Ex. 1 at 8-9).


Sections III(A) and (B) of this opinion discuss the reasons why Griffith's state-law breach of contract claim against BCBS relates to an ERISA plan, and is therefore preempted.  For the same reasons, this Court is of the opinion that the four claims that Griffith seeks to add through her third amended complaint are likewise preempted.  The Court bases this opinion on the legal authorities and principles discussed herein, as well as cases like *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1290-1291 (5th Cir. 1988)(finding that state law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract and fraud were preempted where plaintiff sought to recover benefits under an ERISA-regulated plan), and *Wise v. Lucent Technologies, Inc. Pension Plan*, 102 F.Supp.2d 733, 744-748 (S.D. Tex. 2000)(Crone, J.)(noting that the Fifth Circuit has found preemption in a variety of state law cases arising from the failure to pay or misrepresentations concerning benefits, including

---

[8]The Court will not be vacating its summary judgment order.  In fact, the Court has contemporaneously entered an order denying Plaintiff's *Motion to Reconsider the Court's Prior March 7, 2008 Order Granting Blue Cross Blue Shield's Motion for Summary Judgment* [Clerk's Docket No. 118], based on a lack of new evidence relevant to any genuine issue of material fact.

[9]Plaintiff has styled the proposed amended pleading as "Plaintiff's Fourth Amended Original Complaint."  However, her third amended complaint was never properly filed, and is not before this Court.  Therefore, the "fourth" amended complaint is actually the third.

breach of contract, negligence, fraud, negligent misrepresentation, breach of fiduciary duty, breach of the duty of good faith and fair dealing, equitable estoppel, and intentional infliction of emotional distress).  If Griffith's newly proposed claims are in fact preempted, then the proposed amendment is futile, and the motion for leave to amend should be denied.

However, inexplicably, neither Griffith's nor Kroger's briefs on the motion to amend discuss ERISA preemption.  Kroger states in conclusory fashion that "all of the new state-law claims against the [Kroger Plan] are futile because they are preempted by ERISA, 29 U.S.C. § 1144(a)," without offering *any* explanation.[10]  For her part, Griffith only mentions ERISA in reference to a statute of limitations argument.[11]  As such, the Court is of the opinion that additional briefing is needed in order to properly dispose of Griffith's motion for leave to amend her complaint.

Therefore, Griffith and Kroger are **ORDERED** to submit supplemental briefs, not to exceed twelve (12) pages in length (exclusive of essential appended materials), discussing whether the four newly-proposed state-law claims are preempted by ERISA, by May 5, 2008.

**SO ORDERED.**

**SIGNED** this the 25 day of **April, 2008.**

Thad Heartfield
United States District Judge

---

[10]As an additional matter, Griffith is attempting to bring these new state-law claims against all of the Kroger Defendants, not just the Kroger Plan.  For this reason, the Court suspects that the issues discussed in Section III(C) may also be implicated by Griffith's proposed amendment.

[11]The Court notes that Griffith's argument in her reply brief that "ERISA claims must be brought within the earlier of..." seems to be an admission that her new state-law claims are in fact ERISA claims.  (Pl.'s Reply to Pl.'s Mot. for Leave to Am. Compl. at 1)